CASE NO. 16-03521

―――――――――――――――――――

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

―――――――――――――――――――

BETTIS C. RAINSFORD,

Plaintiff – Appellant,

v.

APEX BANK,

Defendant – Appellee.

―――――――――――――――――――

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CARLINA

―――――――――――――――――――

**BRIEF OF DEFENDANT-APPELLEE
APEX BANK**

―――――――――――――――――――

NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.

GEORGE B. CAUTHEN
GRAHAM S. MITCHELL
1320 MAIN STREET / 17TH FLOOR
POST OFFICE BOX 11070 (29211-1070)
COLUMBIA, SC  29201
(803) 799-2000
E-MAIL: GEORGE.CAUTHEN@NELSONMULLINS.COM
E-MAIL: GRAHAM.MITCHELL@NELSONMULLINS.COM

*Counsel for Defendant-Appellee Apex Bank*

# TABLE OF CONTENTS

Table of Authorities ........................................................................................ ii

Standard of Review ........................................................................................1

Statement of the Issues...................................................................................2

Statement of the Case.....................................................................................2

Summary of Argument ...................................................................................4

Argument.........................................................................................................5

    I.    The Bankruptcy Court correctly held that the Complaint failed to satisfy South Carolina's statute of frauds...............................................5

    II.    The Bankruptcy Court correctly held that the Complaint failed to establish that Molony had authority to bind Appellee. .........................8

        *i.*    *Express Authority* ................................................................8

        *ii.*    *Apparent Authority* ..............................................................11

        *iii.*    *Implied Authority* ................................................................12

        *iv.*    *Summary*.............................................................................14

Conclusion ....................................................................................................15

Oral Argument Is Neither Warranted Nor Necessary...................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*,
  988 F.2d 1157 (Fed. Cir. 1993) ........................................................... 1

*Anderson Bros. Bank v. EBT Prop. Holding Co.*,
  2013 WL 8507807 (S.C. Ct. App. Mar. 13, 2013) ........................................... 9, 10

*Arnold v. Yarborough*,
  281 S.C. 570, 316 S.E.2d 416 (Ct. App. 1984) ................................................... 13

*Brooks v. City of Winston-Salem North Carolina*,
  85 F.3d 178 (4th Cir. 1996) ............................................................... 1

*Cash v. Maddox*,
  265 S.C. 480, 220 S.E.2d 121 (1975) ............................................................. 6

*Fici v. Koon*,
  372 S.C. 341, 642 S.E.2d 602 (2007) ........................................................... 6-7

*Frasier v. Palmetto Homes*,
  323 S.C. 240, 473 S.E.2d 865 (Ct.App.1996) ..................................................... 12

*Froneberger v. Smith*,
  406 S.C. 37, 748 S.E.2d 625 (Ct. App. 2013) ..................................................... 11

*Hall v. Benefit Ass'n of Ry. Emps.*,
  164 S.C. 80, 161 S.E. 867 (1932) ................................................................. 12

*Moore v. N. Am. Van Lines*,
  310 S.C. 236, 423 S.E.2d 116 (1992) ......................................................... 9, 12

*Richmond, Fredericksburg & Potomac R.R. Co. v. United States*,
  945 F.2d 765 (4th Cir. 1991) ............................................................... 1

*Roberson v. S. Fin. of S. Carolina, Inc.*,
  365 S.C. 6, 615 S.E.2d 112 (2005) ............................................................. 9

*Schafer v. Barrier Island Station*,
  946 F.2d 1075 (4th Cir. 1991) ............................................................. 13, 14

*Sec'y of State for Defense v. Trimble Navigation Ltd.*,
  484 F.3d 700 (4th Cir. 2007) ............................................................. 1, 2

*Shropshire v. Prahalis*,
309 S.C. 70, 419 S.E.2d 829 (Ct.App.1992) ....................................................... 12

*Springob v. Univ. of S.C.*,
407 S.C. 490, 757 S.E.2d 384 (2014) .............................................................. 6

*Tobacco Tech., Inc. v. Taiga Int'l N.V.*,
388 F. App'x 362 (4th Cir. 2010) .................................................................. 9

**Statutes**

S.C. Code Ann § 32-3-10 ....................................................................... 5, 6

**Other Authorities**

Fed R. Civ. P.12(b) ............................................................................ 1

Fed R. Civ. P. 12(b)(6) ......................................................................... 1

## STANDARD OF REVIEW

Generally, a bankruptcy court's dismissal of an adversary proceeding complaint under Fed R. Civ. P.12(b), and any and all conclusions of law included in the dismissal order, are reviewed *de novo*. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768-69 (4th Cir. 1991).

Fed R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") authorizes the defendant to move, before filing a responsive pleading, for dismissal of the complaint. A motion made under Rule 12(b)(6) challenges the legal theory of the complaint, not the sufficiency of any evidence that might be adduced. *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993). The purpose of Rule 12(b)(6) is to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity. *Id.* Dismissal under Rule 12(b)(6) is appropriate when a meritorious affirmative defense or other bar to relief appears on the face of the complaint. *See Brooks v. City of Winston-Salem North Carolina*, 85 F.3d 178, 181 (4th Cir. 1996) (dismissal is proper "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense."). In evaluating a Rule 12(b)(6) motion to dismiss, a court may consider matters of public record, documents attached to the complaint, and documents attached to the dismissal pleadings that are integral to the complaint and are authentic. *Sec'y of State for Defense v. Trimble*

*Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). A court is not required to accept as true the complaint's legal conclusions and allegations. *Id.*

Applying this standard, and for the reasons described herein, the Bankruptcy Court (defined below) correctly dismissed the Appellant's Complaint (defined below) with prejudice. Thus, this Court should affirm that dismissal.

## STATEMENT OF THE ISSUES

Did the Bankruptcy Court correctly dismiss Appellant's Complaint with prejudice on the basis that the Complaint failed to satisfy the South Carolina Statute of Frauds?

## STATEMENT OF THE CASE

This is an appeal of the United States Bankruptcy Court for the District of South Carolina's ("Bankruptcy Court") dismissal with prejudice of the Appellant's Complaint originally filed on May 31, 2016 in the Edgefield County, South Carolina Court of Common Pleas and subsequently amended on August 22, 2016 in Adversary Proceeding Case No. 16-80104 (the "Complaint"). *See* Record on Appeal (the "Record") at Doc. 12-1, pg. 18.[1] The Complaint sought (1) to enforce an alleged (and nonexistent) agreement between the parties whereby Appellee would be

---

[1] On July 14, 2016, Appellee properly removed the Complaint filed in Edgefield County, South Carolina to the Bankruptcy Court in Adversary Proceeding Case No. 16-80104. *Id.* at pp. 3-7. Appellant consented to the Bankruptcy Court's jurisdiction to make a final ruling in this matter and does not challenge the Bankruptcy Court's jurisdiction on appeal. *See* Record at Doc. 12-15, pg. 1

2

required to release Appellant from a $1,439,286.39 judgment lien (the "Judgment Lien"),[2] and (2) damages for breach of contract. *See* Record at Doc. 13-6, pp. 1-5.

Specifically, Appellant alleged in the Complaint that Mr. Kevin Molony ("Molony") – an attorney that previously represented Appellee[3] – entered into an agreement with Appellant on behalf of Appellee. *Id.* This alleged agreement called for Appellee to release Appellant from the Judgment Lien in exchange for Appellant (1) transferring title to certain lots to Appellee in lieu of foreclosure, and (2) providing asset information regarding Appellant's former business partner and co-debtor on the Judgment Lien. *Id.* On August 26, 2016, Appellee moved to dismiss the Complaint ("Motion to Dismiss") on the basis that the Complaint failed to satisfy South Carolina's statute of frauds because Appellant had failed to identify, produce, or even allege the existence of a writing signed by Appellant containing the essential terms of the alleged agreement. *See* Record at Doc. 13-7, pp. 1-9.[4] In rebuttal to

---

[2] Appellee is the owner and holder of the Judgment Lien.

[3] Molony no longer represents Appellee for reasons unrelated to this suit.

[4] Appellee moved to dismiss Appellant's original complaint on July 19, 2016. *See* Record at Doc. 12-4, pp. 1-7. Appellant filed an opposition to the motion to dismiss on August 3, 2016. *See* Record at Doc. 12-14, pp. 1-10. Appellee filed a reply on August 10, 2016 (Record at Doc. 13-14, pp. 1-12), and Appellant filed its reply on August 22, 2016. *See* Record at Doc. 13-5. Thereafter, Appellant filed its amended complaint on August 22, 2016. Appellant moved to dismiss the amended complaint on August 26, 2016 (Record at Doc. 13-7, pp. 1-10), and Appellant filed an opposition to the motion on September 30, 2016. *See* Record at Doc. 13-10, pp. 1-11.

3

Appellant's arguments[5] that an email from Molony to Appellant (described in more detail below) satisfied the statute of frauds, Appellee also argued in the Motion to Dismiss that Molony did not have authority to bind Appellee to the alleged agreement. *Id.*

On October 13, 2016, the Bankruptcy Court entered its order granting the Motion to Dismiss and dismissing the Complaint with prejudice (the "Dismissal Order"). *See* Record at Doc. 13-13, pp. 1-9. The Bankruptcy Court held that (1) the Compliant failed to satisfy the South Carolina statute of frauds and (2) the Complaint did not establish that Molony had authority to bind Appellee. *Id.* at 5. Appellant appealed the Dismissal Order to this Court on October 28, 2016 (Doc. 1) and filed his brief on March 22, 2017. *See* Doc. 17, the "Appellate Brief."

## SUMMARY OF ARGUMENT

Appellant's brief presents nothing to a warrant a reversal of the Bankruptcy Court's Dismissal Order – it is merely a recitation of the same arguments that were presented in multiple filings and were ultimately rejected by the Bankruptcy Court.

Specifically, as further explained herein, the Complaint seeks to enforce an agreement that allegedly called for Appellant to transfer title to certain real

---

[5] As noted in footnote 4, *supra*, Appellant filed two complaints and three briefs in support of his position. Appellant therefore had every opportunity to produce a writing that satisfied the Statute of Frauds, but, as discussed herein, was unable to do so.

properties to Appellee.   There is no dispute that this alleged agreement is subject to the South Carolina statute of frauds.   However, Appellant has not and cannot point to any document in the record showing a writing signed by an authorized representative of Appellee that contains the material terms of the purported agreement, which is required under the statute of frauds.   The document on which Appellant relies on to satisfy the statute of frauds is nothing more than an email from Appellee's former attorney (Molony) indicating the mere possibility of an agreement – the email on its face clearly shows that a meeting of the minds had not yet been reached and that any proposed agreement was subject to Appellee's internal approval.   *See* Appellate Brief at Exhibit C (Doc. 17-3 at pg. 1).   In short, the Bankruptcy Court properly eliminated a case that was "fatally flawed" and destined to fail. For these reasons and for the reasons set forth below, this Court should affirm the Bankruptcy Court's Dismissal Order.

## **ARGUMENT**

### I.   **The Bankruptcy Court correctly held that the Complaint failed to satisfy South Carolina's statute of frauds**.

The alleged agreement between the parties called for Appellant to transfer title to two lots to Appellee in lieu of foreclosure (*see* Appellant Brief at Exhibit C) and, therefore, is subject to the South Carolina statute of frauds located at S.C. Code Ann

§ 32-3-10 (the "Statute of Frauds").[6]  The Statute of Frauds provides as follows:

> No action shall be brought whereby:
>
> > (1) To charge any executor or administrator upon any special promise to answer damages out of his own estate;
> > (2) To charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person;
> > (3) To charge any person upon any agreement made upon consideration of marriage;
> > (4) To charge any person upon any contract or sale of lands, tenements or hereditaments or any interest in or concerning them; or
> > (5) To charge any person upon any agreement that is not to be performed within the space of one year from the making thereof;
>
> > Unless the agreement upon which such action shall be brought or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith or some person thereunto by him lawfully authorized

S.C. Code Ann. § 32-3-10.   "In order to satisfy the statute of frauds, there must be a writing signed by the party against whom enforcement is sought, and 'the writings must establish the essential terms of the contract without resort to parol evidence.'" *Springob v. Univ. of S.C.*, 407 S.C. 490, 496, 757 S.E.2d 384, 387 (2014) (quoting *Cash v. Maddox*, 265 S.C. 480, 484, 220 S.E.2d 121, 122 (1975)).   "The burden of proof is on the party seeking to enforce the contract." *Fici v. Koon*, 372 S.C. 341,

---

[6] Appellant does not challenge that the alleged agreement is subject to the Statute of Frauds.

6

346, 642 S.E.2d 602, 604 (2007).   Therefore, in order for the alleged agreement at issue here to be enforceable, Appellant must have produced a writing that contains *both* (1) the signature of an authorized representative of Appellee and (2) the essential terms of the alleged agreement.

Appellant's Complaint does not satisfy either of these requirements.  First, the Complaint does not identify a writing signed by Appellee (the party against whom enforcement is sought).  Indeed, Appellant even admitted in the Complaint that the alleged agreement was never signed by Appellee, stating that he "provided the draft of an Agreement" to Molony.  *See* Record at Doc. 13-6, pg. 3. Nowhere does Appellant allege that Appellee signed the alleged draft agreement or signed any other writing memorializing an alleged agreement.  Simply put, Appellant failed to produce, identify or even allege the existence of a writing signed by Appellee in his Complaint or in his numerous briefs filed with the Bankruptcy Court.  For this reason, the Bankruptcy Court properly dismissed the Compliant with prejudice.

Furthermore,  the Complaint also did not identify a writing containing the essential terms of the purported agreement. The email from Molony to Appellant (*see* Appellate Brief at Exhibit C,  the "Molony Email") – the ***only*** document identified by Appellant that allegedly satisfied the Statute of Frauds – merely expressed a potential willingness to agree and did not constitute acceptance of a final

agreement.[7]  The specific language of the Molony Email – set forth below – clearly shows that, even if Molony had authority to bind Appellee (which he did not), the email did not contain the essential terms of an agreement: (1) "I'll get it to the bank and *try* to have this done by tomorrow;" and (2) "but that sentence would allow us to knock this out *in my opinion*" (emphasis added).   These statements on their faces suggest only a potential willingness to agree, not a final intent to be bound, and that Molony needed further approval from Appellee.

In sum, the Bankruptcy Court correctly found that the Complaint failed to satisfy the Statute of Frauds.  Appellant failed to produce any writing signed by an authorized representative of Appellee.   The Molony Email is an irrelevant red herring because it simply does not evidence a final agreement between the parties or Appellee's consent to be bound by a final agreement.

## II.    **The Bankruptcy Court correctly held that the Complaint failed to establish that Molony had authority to bind Appellee.**

Additionally, the Bankruptcy Court correctly found that the Complaint failed to establish  that Molony had actual, apparent or inherent authority to bind Appellee to the alleged agreement for the reasons discussed below:

       i.    *Express Authority*

---

[7] As explained in more detail below, the Molony Email also fails to satisfy the Statute of Frauds because Molony did not have authority to bind Appellee to the alleged agreement.

Under South Carolina law, an agent (allegedly Molony) cannot bind the principal (here, Appellee ) without authority to do so. *Roberson v. S. Fin. of S. Carolina, Inc.*, 365 S.C. 6, 10, 615 S.E.2d 112, 115 (2005). Actual authority is created only when "authority is ***expressly*** conferred upon the agent ***by the principal***" (emphasis added). *Id.* In other words, there must be some "express appointment" of the authority by the principal to the agent defining the scope of the authority, which is typically made in writing. *See Tobacco Tech., Inc. v. Taiga Int'l N.V.*, 388 F. App'x 362, 369 (4th Cir. 2010) (analyzing a written document to determine whether express authority existed); *see also Moore v. N. Am. Van Lines*, 310 S.C. 236, 239, 423 S.E.2d 116, 118 (1992)(finding "no evidence" that the alleged agent had actual authority); *Anderson Bros. Bank v. EBT Prop. Holding Co.*, 2013 WL 8507807, at *3 (S.C. Ct. App. Mar. 13, 2013) ("Actual authority is expressly conferred upon the agent by the principal").

Here, the Complaint did not identify or allege any statements or writings ***directly*** from Appellee to Molony granting him the authority to bind Appellee to the alleged agreement. The Complaint only contains allegations of statements made by Molony himself, which are insufficient to establish actual authority. An agent cannot create his own authority when none otherwise exists. Further, Appellant's argument that actual authority exists because another representative of Appellee made statements of authority *that were relayed by Molony* is not sufficient because, as

9

noted, statements by an alleged agent cannot establish actual authority. *See* Appellate Brief at pg. 10. The Complaint simply does not contain any allegations of any statements made by Appellee directly and that did not come through an intermediary (Molony).

Furthermore, the record shows that Molony in fact did not have such actual authority. Exhibit A to the Complaint – the purported agreement – is on its face a **draft document** that was never executed by Appellee. *See* Record at Doc. 13-6, pg. 11. Also, Exhibit A required the signature of someone other than Molony or he would have simply been able to sign the document himself. If Molony indeed had authority to bind Appellee (which he did not), then there would have been no need for him to send draft documents to Appellee for approval or rejection as he noted he would do in the Molony Email. Likewise, the following two sentences from the Molony Email clearly show that Molony needed further approval from Appellee in order to create a binding agreement: (1) "I'll get it to the bank and ***try*** to have this done by tomorrow;" and (2) "but that sentence would allow us to knock this out ***in my opinion***" (emphasis added). These statements on their faces show that Molony was merely expressing his opinion that Appellee might eventually agree to execute and would at that time have become bound by the proposed agreement, which it never did. Finally, Appellant admits that he initiated the drafting of the alleged agreement and that he also drafted the alleged agreement himself. *Id.* at 3 (alleging, "[Appellant] then asked

10

Mr. Molony if he would draft the documents," and "[Molony] suggested that [Appellant] draft them"). This further shows that Molony did not have the requisite authority to bind Appellee as he was not acting under any orders from Appellee to prepare any agreements related to Appellant.

In summary, there is nothing in the record to show that Appellee expressly granted Molony the authority to bind Appellee to the alleged agreement. Instead, Appellant only alleges statements from the purported agent, Molony, which by themselves cannot establish express authority. For all of these reasons, the Bankruptcy Court correctly found that the Complaint failed to establish actual authority under South Carolina law.

     *ii.*   *Apparent Authority*

The Bankruptcy Court also correctly found that the Complaint failed to establish that Molony had apparent authority to bind Appellee to the alleged agreement. Under South Carolina law,

> Apparent authority to do an act is created as to a third person by written or spoken words *or any other conduct of the principal* which, reasonably interpreted, causes the third person to believe the principal consents to have the act done on his behalf by the person purporting to act for him. Either the principal must intend to cause the third person to believe that the agent is authorized to act for him, or he should realize that his conduct is likely to create such belief. Moreover, an agency may not be established solely by the declarations and conduct of an alleged agent.

*Froneberger v. Smith*, 406 S.C. 37, 47, 748 S.E.2d 625, 630 (Ct. App. 2013) (internal

11

citations and quotations omitted). Apparent authority is "when the principal knowingly permits the agent to exercise authority, or the principal holds the agent out as possessing such authority." *Moore v. North Am. Van Lines,* 310 S.C. 236, 239, 423 S.E.2d 116, 118 (1992). South Carolina law is clear that apparent authority can only be established based on "manifestations by the principal, not the agent." *Shropshire v. Prahalis,* 309 S.C. 70, 419 S.E.2d 829 (Ct.App.1992). "An apparent agency may not be established solely by the declarations and conduct of an alleged agent." *Frasier v. Palmetto Homes,* 323 S.C. 240, 473 S.E.2d 865 (Ct.App.1996).

Here, the Complaint contained no allegations of any manifestations from Appellee directly to Appellant indicating that Molony had the required authority. Indeed, as explained above, the Complaint only alleged statements from Molony, the agent, who cannot create apparent authority based on the authorities described above. There is no allegation of any representation made directly by Appellee as to Molony's authority. Thus, the Bankruptcy Court correctly determined that the Complaint failed to establish apparent authority under South Carolina law.

### iii.   Implied Authority

Finally, the law is clear that an attorney does not have the power to bind a client in matters outside the context of pending litigation absent express authority. *Hall v. Benefit Ass'n of Ry. Emps.*, 164 S.C. 80, 83, 161 S.E. 867, 868 (1932) (holding that "without *express* authority, [attorneys] have no right to compromise or

settle their clients' rights, to release a lien, or substitute one security for another, *in matters not in court*.") (emphasis added); *see also Arnold v. Yarborough*, 281 S.C. 570, 572, 316 S.E.2d 416, 417 (Ct. App. 1984) (explaining that it is the "well-settled law of this state that the authority of an attorney of record to settle claims is limited *to the claims presented by the pleadings in a given case* and that any settlement that goes beyond these matters must be expressly agreed to by the client," and that "Our Supreme Court held there is a vast distinction between the acts of an attorney within his general authority in a matter not in court and his during the conduct and progress of a suit in court") (emphasis added);  The Fourth Circuit Court of Appeals has also stated the following:

> The attorney-client relationship, by custom, however, does not imply that an attorney has authority to act as principal and resolve matters of substance . . .Thus, when a client retains an attorney to represent the client in litigation, the implied authority of the attorney is limited to conducting procedures and taking necessary steps to prosecute or defend the client in the litigation. Substantive decisions of whether to bring suit, to dismiss suit, or to settle are not by implication ones that the attorney is authorized to make. Similarly, when a client retains an attorney to represent the client in a transaction, the attorney has implied authority to negotiate the terms of an agreement or operative papers to their final form. But custom of the relationship does not imply an authority for the attorney to execute the documents on behalf of the client. This becomes particularly evident when the form of a contract is one which calls for the signature of the principals.

*Schafer v. Barrier Island Station*, 946 F.2d 1075, 1079 (4th Cir. 1991) (internal

13

citations and quotations omitted).

Here, Appellant's own allegations show that there was no pending litigation between the parties at the time the alleged agreement was allegedly finalized. Appellant alleges that he met with Molony "in the summer of 2015" and "on October 7, 2015" to discuss the alleged agreement, and that his last contact with Molony regarding the alleged agreement was October 28, 2015. *See* Record at Doc. 13-6, pp. 3-4. However, Appellant also alleges that Appellee acquired the Judgment Lien on October 29, 2015, ***after*** Appellee had allegedly already become bound to the alleged agreement.[8] *Id.* (referencing communications with Molony on October 28, 2015 that apparently led Appellant to believe that Appellee "would not stand by the agreement to which [ ] Molony . . . had agreed"). Thus, because Appellee did not even own the Judgment Lien according to Appellant's own allegations at the time of the alleged agreement, there was no litigation between the parties that would have given Molony the implied authority to bind Appellee.    Accordingly, the Bankruptcy Court correctly determined that the Complaint failed to establish implied authority.

> *iv.    Summary*

The Bankruptcy Court correctly held that Appellant's Complaint failed to establish that Molony had authority to bind Appellee to the alleged agreement. The

---

[8] The "SunTrust judgment" referenced in the Complaint is another name for the Judgment Lien.

Complaint did not (and cannot) sufficiently allege that Molony had express authority to bind Appellee to the alleged agreement because, among the other reasons noted above, the documents relied on by Appellant show that a representative of Appellee other than Molony had to approve and agree to the proposed terms. The Complaint also failed to establish that Molony had either apparent or implied authority, as it (1) contains no allegations of statements made directly from Appellee to Appellant and (2) shows that there was no litigation pending between the parties at the time of the alleged agreement.   Therefore, for all of these reasons, the Bankruptcy Court correctly found that Molony did not have authority to bind Appellee via the Molony Email.

## **CONCLUSION**

Because the Complaint failed to satisfy the Statute of Frauds for the reasons set forth above, this Court should affirm the Bankruptcy Court's Dismissal Order. Appellant's brief does nothing to overcome the fact that there is no writing signed by an authorized representative of Appellee that contains the essential terms of the at-issue alleged agreement.

As such, Appellee respectfully requests that this Court affirm the Bankruptcy Court's order dismissing the Complaint, and for such other and further relief as may be just and proper.

## ORAL ARGUMENT IS NEITHER WARRANTED NOR NECESSARY

Appellee respectfully submits that oral argument is not needed for this appeal. In the interest of judicial economy this Court can rule based on the legal arguments that have been presented in the briefs, the record on appeal, and the clear legal authority in support of Appellee's position.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ Graham S. Mitchell
George B. Cauthen, Federal Bar No. 81
E-Mail: george.cauthen@nelsonmullins.com
Graham S. Mitchell, Federal Bar No. 11763
E-Mail: graham.mitchell@nelsonmullins.com
1320 Main Street / 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC  29201
(803) 799-2000

***Counsel for Defendant-Appellee Apex Bank***

Columbia, South Carolina

May 18, 2017

## CERTIFICATE OF SERVICE

I, the undersigned Administrative Assistant of the law offices of Nelson Mullins Riley & Scarborough LLP, attorneys for Apex Bank, do hereby certify that I have served all counsel in this action with a copy of the pleading hereinbelow specified by mailing a copy of the same by United States Mail, postage prepaid, to the following addresses:

Pleading:

Brief of Defendant – Appellee Apex Bank

Counsel Served:

Bettis C. Rainsford
P.O. Box 388
108 ½ Court House Square
Edgefield, SC 29824

Stephanie Arnold
Administrative Assistant

May 18, 2017